TATE, Judge.
The primary issue of this appeal is whether a life insurer is relieved of liability to a creditor beneficiary when the insured commits suicide.
The plaintiff finance company brings suit against the Estate of Rufus Guillory upon a note in the amount of $2,077.20 which he, Rufus Guillory, had executed in its favor while he was yet alive. By third-party demand the defendant estate im-pleaded the Gulfco Life Insurance Company, which had issued a paid-up single premium term life insurance policy in the amount of the loan at the time the note was executed. The plaintiff finance company was the “irrevocable first beneficiary” of the policy, which was issued to insure payment of the loan in the event of the insured’s death during its term.
On motion for summary judgment, the trial court held that the third-party defend *122 ant, the life insurance company, was liable to the plaintiff finance company for the face amount of the policy (which was also the face amount of the note). The defendant estate was thus absolved from liability.
The insurer, third-party defendant, appeals from this judgment as does the plaintiff finance company. The pleadings show that these companies are subsidiaries of the same parent corporation, and both of them are represented by the same able counsel. The appellants concede that, if the life insurance company is indeed liable to the plaintiff creditor under the policy issued upon the debtor’s life, the trial court judgment is correct.
The life insurer resists payment of the policy face amount because, it contends, it is not liable upon the policy since the insured committed suicide less than a month after the issuance of the policy upon his life insuring the loan. Since the policy contained no provision excepting liability in the event of suicide, and since the policy was payable to a creditor-beneficiary and not to the estate of the decedent, the trial court held that the insurer was liable upon the policy even though the insured had committed suicide. See Payne v. Louisiana Industrial Life Ins. Co., La.App. Orl., 33 So.2d 444.
There is no Louisiana case cited to us concerning the question. The generally prevailing law is stated by an authoritative treatise to be as follows, Appleman, Insurance Law and Practice, Section 367, pp. 440-441: “In the absence of any policy provisions excluding recovery for death resulting from suicide, the majority rule is to the effect that such act does not relieve the insurer of liability upon the contract. Most courts have been particularly quick to reach this result where the policy is payable to a specific beneficiary, and the gain does not go to the insured himself or to his estate. * * * If the policy is payable to the insured, his estate, administrators, or assigns, the courts are much quicker to hold the policy void by reason of suicide — * * * ”.
As pointed out in Payne v. Louisiana Industrial Life Ins. Co., La.App. Orl., 33 So. 2d 444 (the only cited Louisiana decision touching upon the question), the rule in several jurisdictions is that no recovery may be had upon a policy payable to the estate of the insured if he committed suicide while sane, such jurisdictions holding that the insured cannot by his own act enlarge the risk beyond those contemplated by the policy and that such a recovery moreover would be against public policy since permitting a person or his estate to profit as a result of his own wrongdoing. On the other hand, the general rule is also that where a life insurance policy “is made payable to a third party, and contains no stipulation in reference to the insured intentionally destroying his own life, it is held that in the event of self destruction of the insured while sane the beneficiary may recover, for the reason that his or her interest became a vested one upon the issuance of the policy and no act of the insured can take away that right, except it be an act which the contract expressly provides shall have that effect. * * * ” 33 So.2d 450.
Able counsel for the appellants argues that recovery may not be permitted in the present case, even though a creditor-third person is beneficiary, because we are permitting decedent through his estate to profit by his own wrongful suicide, a result contrary to public policy. It is pointed out that the effective beneficiary is the estate of the decedent, since payment of the policy will relieve the estate of the obligation to pay the note, which would otherwise be paid from the estate’s assets.
Pretermitting whether an insured’s suicide may ever defeat recovery in the absence of fraud or of a specific policy stipulation against such liability, we think that the trial court correctly held that the creditor-beneficiary had acquired a vested substantial right under the policy, which the *123 alleged suicide of the insured, even if a fact, could not affect, since the terms of the policy did not exclude coverage should the loss occur through suicide.
For purposes of this decision, we shall assume that recovery would have been denied had the beneficiary been the decedent’s estate instead of the creditor. Even so, the circumstance that the decedent’s estate incidentally benefits as a result of this paid-for protection of the creditor’s interest, should the debtor commit suicide during the pendency of the loan, does not destroy the insurer’s contractual obligation to pay to the creditor the agreed face amount. It is to be remembered that, if the insurer desires to except the risk of suicide from the paid-for insurance protection afforded and payable to a third person beneficiary, it may easily do so by inserting the appropriate provision into the insuring contract issued by it.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the appellants.
Affirmed.